UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

TONY LUCIBELLO,

    Plaintiff,

v.

METRO MEDICAL PLAZA ASSOCIATES, LTD., a
Florida limited partnership,

    Defendant.

_____/

Case No. 2:05-CV-284-FTM-33SPC

THE FOREGOING MOTION IS HEREBY
DENIED / GRANTED THIS ___ DAY OF ____, 20__

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

## DEFENDANT'S UNOPPOSED MOTION TO SET ASIDE CLERK'S DEFAULT AND MOTION FOR LEAVE TO FILE ANSWER AND AFFIRMATIVE DEFENSES

The Defendant, Metro Medical Plaza Associates, Ltd. ("Metro Medical Plaza"), by and through its undersigned counsel moves this Court for entry of an Order setting aside the default entered by the Clerk of the Court in connection with the above-styled action and for leave to file the its Answer and Affirmative Defenses, and states as follows:

1. On or about July 11, 2005, the clerk entered a default against the Defendant Metro Medical Plaza in the above-styled action for failure to file a responsive pleadings or motion.

2. Metro Medical Plaza's failure to file a responsive pleading within the time frame required by the Federal Rules of Civil Procedure was due to excusable neglect.

3. Metro Medical Plaza has meritorious defenses to the causes of action alleged in the Complaint filed by the Plaintiff in the above-styled action.

4.   Granting this motion will not result in prejudice to the Plaintiff. Counsel for the Plaintiff has been contacted in compliance with Local Rule 3.01(g) and has no objection to the granting of this Motion.

Accordingly, for the reasons set forth in this motion and the attached memorandum, the Defendant Metro Medical Plaza respectfully requests that this Court enter an order setting aside the clerk's default in the above-styled action and granting Metro Medical Plaza leave to its Answer and Affirmative Defenses.

## MEMORANDUM OF LAW

Federal Rule of Civil Procedure 55(c) provides that the court may set aside an entry of default for good cause shown. A motion to set aside a default judgment is decided within the district court's sound discretion. Fla. Physician's Ins. Co. v. Ehlers, 8 F.3d 780, 783 (11th Cir. 1993). Default judgments are disfavored because of the strong policy of determining cases on their merits as a general rule. Ehlers, at 783. A technical error or a slight mistake by the party's attorney should not deprive the party of an opportunity to present the merits of this claim. Id.

On or about July 11, 2005, the clerk entered a default against the Defendant Metro Medical Plaza in the above-styled action for failure to file a responsive pleadings or motion. The undersigned attorney through a calendaring error failed to file a responsive pleading but has been in contact with the plaintiff's attorney regarding inspection of the property at issue. The Plaintiff has not been prejudiced by this delay and has no objection to the Court granting this motion. The undersigned has acted diligently upon being informed of the Clerk's entry of default to file this Motion. The Defendant has meritorious defenses to the causes of action alleged in the

Complaint and seeks leave to file its Answer and Affirmative Defendants attached hereto as Exhibit "A." .

WHEREFORE, Defendant Metro Medical Plaza Associates, Ltd. respectfully moves the Court to set aside the Clerk's entry of default and to grant leave to Metro Medical Plaza Associates, Ltd. to file its Answer and Affirmative Defenses attached hereto.

By: /s/ Denise L. Wheeler
Denise L. Wheeler
Florida Bar No: 0017809
FOWLER WHITE BOGGS BANKER P.A.
P.O. Box 1567
Fort Myers, FL 33902
Phone: 239-334-7892
Fax: 239-334-3240
Attorneys for Defendant

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and accurate copy of the above and foregoing has been furnished by electronic filing to Stephen M. Nitz, Esq., Schwartz Zweben & Slingbaum, LLP, Attorneys for Plaintiff, 3876 Sheridan Street, Hollywood, Florida on July 19, 2005.

By: /s/ Denise L. Wheeler
Denise L. Wheeler

#2329398v1