```
              UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF FLORIDA
                   FT. MYERS DIVISION
```

TONY LUCIBELLO,                      CASE NO. 2:05-cv-284-FtM-33SPC

        Plaintiff,

vs.

METRO MEDICAL PLAZA ASSOCIATES, LTD., a
Florida limited partnership,

        Defendant.
_____/

## CONSENT DECREE

A Complaint has been filed by Plaintiff for alleged violations of Title III of the Americans With Disabilities Act, 42 U.S.C. §12181 *et seq.* ("ADA"). The Complaint seeks injunctive relief compelling Defendant, METRO MEDICAL PLAZA ASSOCIATES, LTD., to alter its medical plaza to make it readily accessible to the Plaintiff and all other persons with disabilities as defined by the ADA. The parties and their respective counsel, having consented to the entry of this Decree without trial or adjudication of any issue of fact or law, agreeing that such Decree is appropriate, and without this Decree constituting an admission of fact or law by any party, it is therefore, ORDERED AND ADJUDGED, and DECREED as follows:

**I.   JURISDICTION**

This Court has subject jurisdiction over matter and has personal jurisdiction over the parties to this Consent Decree. The parties agree to be bound by the terms of this Consent Decree and

not to contest its validity in any subsequent proceeding arising from it.

## II. DEFINITIONS

The following definitions shall apply in this Consent Decree:

"ADAAG" means 28 C.F.R. Chapter 1, part 36, App. A (7-1-94).

"Code" or "FACBC" means the Florida Accessibility Code for Building Construction, October 2000 Edition.

## III. RESPONSIBILITIES OF DEFENDANT/WORK PLAN

Defendant shall cause the following alterations and improvements to be made to the medical plaza which is the subject of this action, commonly referred to as the Metro Medical Plaza located at 13691 Metro Parkway, Fort Myers, Florida (hereinafter referred to as "MEDICAL PLAZA").

### A. PARKING AND INITIAL ACCESS

  i. The Defendant shall relocate the eight (8) accessible parking spaces to the Southeastern/Northeastern parking lots in compliance with §§4.1.2(5)(a) and (b) of Appendix A to 28 CFR Part 36, July 1, 1994 Edition (hereinafter referred to as the "ADAAG") and §4.6 of the Florida Accessibility Code for Building Construction (hereinafter referred to as the "FACBC"). The accessible parking spaces shall comply with the following:
     a. The eight (8) accessible parking spaces shall be located on the shortest accessible route to

2

      the main entrance of the MEDICAL PLAZA and shall in all respects conform with §4.6 of the FACBC.

b. The eight (8) accessible parking spaces shall be at least twelve (12) feet wide and each shall be adjacent to a five (5) foot wide striped access aisle.

c. All of the accessible parking spaces shall be marked with appropriate signage bearing the international symbol of accessibility that shall comply with §§4.6.4 and 4.30.7 of the ADAAG and §4.6.4 of the FACBC. The signage shall be mounted or remounted as necessary so that it is 84 inches above the ground to the centerline of the sign. The accessible signage shall indicate the appropriate local fine for illegal parking.

d. The ground slope at the accessible parking spaces and their access aisle(s) shall be no greater than two percent (2%) in any direction in compliance with §4.6.3 of the ADAAG.

e. The accessible parking spaces shall be conspicuously outlined in blue paint, four inches wide, and shall be posted and maintained with a permanent, above-grade sign bearing the international symbol of accessibility.

f. All paths of access from the accessible parking spaces to the MEDICAL PLAZA shall be in compliance with the provisions of §§4.5.2, 4.3.3 and 4.1.6 of the ADAAG.

**B.   TOILET ROOMS**

**MEN'S TOILET ROOM – FIRST FLOOR**

    i.    The Defendant shall provide the accessible signage containing raised characters and Braille for the Men's toilet room which shall be mounted on the wall adjacent to the latch side of the toilet room entrance door at a height of 60 inches above the finish floor to the centerline of the sign in compliance with §§4.30 of the ADAAG.

    ii.    The Defendant shall reverse the door swing into the hallway so that there is sufficient clear floor space for an approach in compliance with §4.13 and Figure 25 of the ADAAG.

    iii.    The Defendant shall adjust the door closer on the toilet room entry door to require no more than 5 pounds of push or pull force to open in compliance with §4.13.11(2)(b) of the ADAAG. Alternatively, The Defendant shall provide an automatic door opener at the Men's toilet room entry door in compliance with §§4.13.6 and 4.13.12 of the ADAAG. The control for this door shall be located not less than 18 inches away from the toilet room entrance door within and outside of the toilet room and the door closer shall be set with an appropriate delay to accommodate this distance.

    iv.    The Defendant shall replace the side grab bar at the accessible water closet to be not less than forty-two (42) inches in length and install a rear grab bar to be not less than thirty-six (36) inches

    in length which shall be mounted in compliance with §§4.17.6, 4.26 and Figure 30 of the ADAAG.

v.  The Defendant shall remove the lavatory from the accessible toilet stall to provide sufficient maneuvering clearance for a side approach in compliance with Figure A6(b) of the ADAAG.

vi.  The Defendant shall lower the toilet seat so that it is at a height of between seventeen (17) and nineteen (19) inches above the finished floor in compliance with §4.16.3 and Figure 29(a) and (b) of the ADAAG.

vii.  The Defendant shall build out the side grab bar adjacent to the accessible water closet by two (2) inches so that the centerline of the water closet is the equivalent of eighteen (18) inches from the sidewall in compliance with §4.17.3 Figure 30 of the ADAAG. The Defendant shall ensure that the build out continues eighteen (18) inches above and below the side grab bar and shall maintain the spacing of 1 ½ inches between the side grab bar and the build out.

viii.  The Defendant shall lower the coat hook in the accessible toilet stall to be no higher than forty-eight (48) inches above the finished floor in compliance with §4.2.5 of the ADAAG.

ix.  The Defendant shall make the following modifications to the common use lavatory for the purpose of making it accessible:

  a.  The Defendant shall provide new lever or other

       type of hardware on the lavatory that can be operated without tight grasping, pinching or twisting of the wrist in compliance with §4.19.5 of the ADAAG.

  b. The Defendant shall fully insulate the hot water supply and drain pipes under the accessible lavatory in compliance with §4.19.4 of the ADAAG.

**WOMEN'S TOILET ROOM –FIRST FLOOR**

  i. The Defendant shall provide the accessible signage containing raised characters and Braille for the Women's toilet room which shall be mounted on the wall adjacent to the latch side of the toilet room entrance door at a height of 60 inches above the finish floor to the centerline of the sign in compliance with §§4.30 of the ADAAG.

  ii. The Defendant shall reverse the door swing into the hallway so that there is sufficient clear floor space for an approach in compliance with §4.13 and Figure 25 of the ADAAG.

  iii. The Defendant shall adjust the door closer on the toilet room entry door to require no more than 5 pounds of push or pull force to open in compliance with §4.13.11(2)(b) of the ADAAG. Alternatively, The Defendant shall provide an automatic door opener at the women's toilet room entry door in compliance with §§4.13.6 and 4.13.12 of the ADAAG. The control for this door shall be located not less than 18 inches away from the toilet room entrance

       door within and outside of the toilet room and the door closer shall be set with an appropriate delay to accommodate this distance.

iv. The Defendant shall replace the side grab bar at the accessible water closet to be not less than forty-two (42) inches in length and install a rear grab bar to be not less than thirty-six (36) inches in length which shall be mounted in compliance with §§4.17.6, 4.26 and Figure 30 of the ADAAG.

v. The Defendant shall remove the lavatory from the accessible toilet stall to provide sufficient maneuvering clearance for a side approach in compliance with Section 4.13.6 and Figure 25 of the ADAAG.

vi. The Defendant shall lower the toilet seat so that it is at a height of between seventeen (17) and nineteen (19) inches above the finished floor in compliance with §4.16.3 and Figure 29(a) and (b) of the ADAAG.

vii. The Defendant shall build out the side grab bar adjacent to the accessible water closet by two (2) inches so that the centerline of the water closet is the equivalent of eighteen (18) inches from the sidewall in compliance with §4.17.3 Figure 30 of the ADAAG. The Defendant shall ensure that the build out continues eighteen (18) inches above and below the side grab bar and shall maintain the spacing of 1 ½ inches between the side grab bar and the build out.

  viii. The Defendant shall lower the coat hook in the accessible toilet stall to be no higher than forty-eight (48) inches above the finished floor in compliance with §4.2.5 of the ADAAG.

  ix. The Defendant shall make the following modifications to the common use lavatory for the purpose of making it accessible:

   a. The Defendant shall provide new lever or other type of hardware on the lavatory that can be operated without tight grasping, pinching or twisting of the wrist in compliance with §4.19.5 of the ADAAG.

   b. The Defendant shall fully insulate the hot water supply and drain pipes under the accessible lavatory in compliance with §4.19.4 of the ADAAG.

**C. SIGNAGE THROUGHOUT THE MEDICAL PLAZA**

  i. The Defendant shall provide accessible signage containing raised characters and Braille for all rooms which are places of public accommodation throughout the MEDICAL PLAZA on the wall adjacent to the latch side of entrance door to each room at a height of 60 inches above the finish floor to the centerline of the sign in compliance with §§4.1.2 and 4.30 of the ADAAG.

Upon completing the above-referenced modifications, the MEDICAL PLAZA shall be in compliance with Title III of the Americans with Disabilities Act to the extent it is readily

achievable and technically feasible.

**IV.   RESPONSIBILITY OF PLAINTIFF**

Plaintiff's representatives shall be provided reasonable access to the MEDICAL PLAZA to verify completion of the agreed-upon alterations and improvements listed above.

**V.   COMPLETION**

The Defendant shall complete these modifications by July 31, 2006. The Defendant shall notify Plaintiff in writing upon completion of the work. The parties agree that if the Defendant has timely commenced the modifications required hereby, and has proceeded with the completion thereof in good faith and with due diligence, but have been delayed in the completion thereof due to acts of God, *force majeure,* or events beyond the control of Defendant (such as inability to obtain building or zoning permits, failure of the county inspectors to make inspections, contractor defaults, work stoppages, etc.), the time periods for completion established hereby shall be extended appropriately should the Defendant provide Plaintiff with written notice of same with appropriate back-up documentation prior to the agreed-upon completion date herein.

**VI.   ATTORNEY'S FEES, EXPERT WITNESS FEES AND LITIGATION EXPENSES**

   A.   The parties agree that they have been unable to agree on both the entitlement of Plaintiff to recover its

    reasonably incurred attorney's fees, including costs of litigation and expert's fees in connection with this litigation or an appropriate amount thereof. As such, the parties shall defer these issues to the Court for a determination after the execution of this Agreement. This Consent Decree shall not constitute an admission by Defendant as to Plaintiff's entitlement to recover attorneys' fees, including costs of litigation and expert fees.

 **B.** If any action or proceeding is commenced with regard to the enforcement of any of the terms of this Stipulation of Settlement, then the prevailing party in such action or proceeding shall be entitled to have the Court determine what, if any, reasonable attorney's fees and costs incurred in said action or proceeding shall be reimbursed by the non-prevailing party.

**VII.** **PARTIES BOUND**

  This Consent Decree shall be binding upon and inure to the benefit of the parties hereto and their respective officers, directors, agents, successors and assigns. The parties shall perform their obligations under this Consent Decree in good faith.

**VIII.** **ADMISSIBILITY OF CONSENT DECREE**

  The parties have entered into this Consent Decree with the

express understanding that it is the product of settlement negotiations. The Court expressly finds that the parties participated in these negotiations and have executed this Consent Decree in good faith.

**IX.   WRITTEN NOTICE**

Each notice ("Notice") provided for under this Consent Decree must comply with the requirements of this Section.  Each Notice shall be in writing and sent by depositing it with a nationally recognized overnight courier service which obtains receipts (such as Federal Express or UPS Next Day Air), addressed to the appropriate party (and marked to a particular individual's attention, if so indicated) as hereinafter provided.  Each Notice shall be effective upon being so deposited, but the time period in which a response to any notice must be given or any action taken with respect thereto shall commence to run from the date of receipt of the Notice by the addressee thereof, as evidenced by the return receipt.  Rejection or other refusal by the addressee to accept or the inability to deliver because of a changed address of which no Notice was given shall be deemed to be the receipt of the Notice sent.  Any party shall have the right from time to time to change the address or individual's attention to which notices to it shall be sent by giving to the other party at least ten (10) days prior notice thereof.  The parties' addresses for providing Notices hereunder shall be as follows:

11

**Plaintiff:**
c/o Stephan M. Nitz, Esq.
Schwartz Zweben & Slingbaum, L.L.P.
3876 Sheridan Street
Hollywood, Florida 33021

**Defendant:**
c/o Denise L. Wheeler, Esq.
Fowler, White, Boggs, Banker, P.A.
P.O. Box 1567
Fort Myers, Florida 33902

**IN WITNESS WHEREOF,** the parties have hereunto signed their names on the day and year written below.

**JUDGMENT IS HEREBY ORDERED in accordance with the foregoing Consent Decree.**

**DONE** and **ORDERED** in Chambers in Ft. Myers, Florida, this 17th day of May, 2006.

*[Signature]*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record